

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 22, 1957

Honorable John Osorio, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Dear Sir:

Opinion No. WW-139

Re: Whether a mutual assessment
association under Article 14.62,
Insurance Code of Texas, may
reinsure a certain percentage
or portion of its policies or
members, and pay for such re-
insurance with more than a pro
rata share of its morturary
fund.

        You have requested our opinion as to whether a mutual assessment
association may reinsure a certain percentage or portion of its business
with another company under the provisions of Article 14.62 of the Insur-
ance Code of Texas, and pay for such reinsurance with more than a pro
rata share of the mortuary fund held by the association under Article
14.25 of the Insurance Code.

        You cite as an example whether a company may reinsure 50% of
its policyholders and pay for such reinsurance with 100% of the mortuary
or claim fund.

        Article 14.62 is as follows:

    "Companies and associations operating under the provi-
    sions of this Act may enter into reinsurance contracts or
    agreements with legal reserve companies authorized to write
    life, health, and accident insurance in this State with capi-
    tal or surplus of at least One Hundred Thousand Dollars
    ($100,000), and pay the premiums for such reinsurance out
    of the mortuary or claim funds. Provided, that such rein-
    surance contracts or agreements shall be subject to the ap-
    proval of the Board of Insurance Commissioners of Texas,
    and that no company or association shall pay more out of
    its mortuary or claim fund for such reinsurance than is
    currently received by the mortuary or claim fund on the
    policies or members reinsured. . . ."

        You will note that the statute provides that the premiums for
reinsurance shall be paid out of the mortuary or claim funds, but that
"no company or association shall pay more out of the mortuary or claim
fund for such reinsurance than is currently received by the mortuary

or claim fund <u>on the policies or members reinsured.</u>" The mortuary or claim fund is required by Article 14.25 to be set aside and held by the company for the purpose of paying claims of policyholders or members of the association. The mortuary fund is for the protection of all the policyholders and members. Each policyholder or member has a certain interest in the mortuary or claim fund and is protected by it. If an association be allowed to reinsure half of its policyholders and use all the mortuary fund to pay for this reinsurance, then one-half of its policyholders would have lost their interest in or protection by the mortuary fund to the benefit of the reinsured group.

The quoted language above is unambiguous and is clear. The statute says that no association shall pay more out of its mortuary fund for reinsurance than the mortuary fund is currently receiving on the policies or members being reinsured. This means if the association reinsures fifty percent of its policies or members, then it cannot pay more out of the mortuary fund for such reinsurance than the mortuary fund is currently receiving from the premiums on such fifty percent of its policies or members. Therefore, your question is answered in the negative, and we hold that a mutual assessment company cannot reinsure a certain portion or percentage of its policies or members under the provisions of Article 14.62 and pay for such reinsurance with more than the amount of the premiums currently being received by the mortuary fund on such policies or members being reinsured.

SUMMARY

> No mutual assessment company shall pay more out of its mortuary fund for reinsurance than the mortuary fund is currently receiving on the policies or members being reinsured.

WDD:lm

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

Lonny Zwiener
Wallace Finfrock
Houghton Brownlee, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: Geo. P. Blackburn

Very truly yours,

WILL WILSON
Attorney General

By *Will D. Davis*

Will D. Davis
Assistant